Nat. Car-Brake Shoe Co. *v.* L. S. & M. S. Ry. Co.

Nat. Car-Brake Shoe Co. *v.* The I. C. R. Co.

(*Circuit Court, N. D. Illinois.*    October 11, 1880.)

1. PATENT No. 40,156 — SECOND CLAIM — INFRINGEMENT.— The second claim of patent No. 40,156, issued October 6, 1863, to James Bing, for an improvement in car-brake shoes for railway cars, *held*, infringed under the circumstances of this case.

2. INVENTION — CONSTRUCTION.— In construing an invention, effect must be given to the whole of the description contained in the specification and claims.

3. SAME — SAME. — A patent contained two claims—*First*, for a certain "lateral rocking motion" of the one part of a combination upon that of the other; *second*, for such combination with certain additional elements, "the whole being constructed and arranged substantially as specified." *Held*, that such second claim could be infringed by a machine not containing such "lateral rocking motion," where such motion was not, in terms, referred to by the said claim.

In Equity.

*Banning & Banning*, for complainant.

*George Payson*, for defendant.

DRUMMOND, C. J. These two cases depend mainly upon the construction which is to be given to plaintiff's patent of October 6, 1863. The counsel for the respective parties differ as to this construction. According to the view of the plaintiff's counsel, the patent should receive a liberal or enlarged construction, speaking of it in one sense. According to the view of the defendant's counsel, the construction should be more narrow. The original patentee was James Bing. No controversy is made as to the title of the plaintiff to the patent. The patent is for an improved shoe for car brakes, constructed in two parts, a model of which I hold in my hand. That part which rubs against the periphery of the wheel of the car, and produces the retarding motion, is called the sole. The other part is called the shoe. Now, in considering his invention, we must give effect to the *whole* of the description contained in the specification and claims. The patentee starts out with declaring that his invention is—*First*, the construction of the two parts of the shoe, in the peculiar manner which is described, so that the part in contact with the wheel can accommodate itself to the same. He goes on to describe that the periphery of a car-wheel is bevelled, and that the object of his peculiar construction of the shoe and the sole is that the part which comes in contact with the periphery of the wheel may accommodate itself to the wheel. He claims that his invention consists, *secondly*, in a peculiar *combination* of the two parts of the shoe, the clevis by which the shoe is suspended to the truck, and the bolt which secures the clevis to the shoe, and the two parts of the shoe to each other. Then he describes the shoe by giving in detail the manner in which the parts are constructed, and their relations to each other, and to the periphery of the wheel; and then he describes the peculiar manner in which the wheels of the car are constructed and beveled. One of the main things connected with the construction of these two parts, is that the shoe has two lugs which pass outside of a lug, *a,* of the sole, and a bolt fastens them together. There is also a lug, *d,* in

the sole, which fits into a sort of mortise or opening in the shoe, so as to enable the oscillating or vibratory motion, which he speaks of, to take place. After describing the difficulties which exist in fitting the shoe to the periphery of the wheel, he says: "These difficulties are avoided by my invention, inasmuch as the sole, B, is permitted to have a lateral rocking motion on the shoe, and can at once accommodate itself to the bevel of the wheel, or to any variation caused in that bevel by the lateral movement of the axle." Then he says: "Another improvement in my invention is the peculiarly simple arrangement of the clevis which supports the shoe; the bolt, G, serving the purpose of connecting the clevis to the shoe, and the latter to the sole."

It seems as though the patentee, in thus describing his invention, intends two things: in the first place, to describe the construction and sole in such a way that the latter is accommodated to the ordinary bevelled periphery of the wheel; and, secondly, he intends to describe a combination of these various parts, consisting of the shoe and the sole, the clevis by which the shoe is suspended to the truck, and the bolt which secures the clevis to the shoe, and the two parts of the shoe to each other. This appears to have been the intention of the patentee, and the claims seem to carry out that intention. There are two claims. The first is: "The shoe, A, and sole, B, both being constructed and adapted to each other substantially as described, *so that the sole can have a lateral rocking movement on the shoe*, for the purpose specified." There can be no doubt what was in the mind of the patentee in making the first claim. If we take out the bolt, the rocking motion can be seen in the model by moving the two (the shoe and the sole) one upon the other. And to accomplish that the bolt is somewhat loose, and one of the lugs of the sole, *a*, has to be tapered more or less, as he describes it. The question is whether there is necessarily found in the second claim, as an essential part of it, without which it does not exist as a valid claim and there can be no infringement, this construction of parts which produce the rocking motion. This claim is: "The combination of shoe, A, sole, B, clevis, D,

and bolt, G, the whole being constructed and arranged substantially as specified." It will be observed, the words are "*constructed and arranged.*"

I am inclined to think there may be an infringement, and this may be a valid claim, independent of what is set forth in the specifications, as he describes the invention, "firstly," and in the first claim, without its possessing the rocking motion; and, therefore, that the view which the plaintiff's counsel take of the construction of the patent is correct. I have already called attention to the manner in which the inventor divides his invention into two parts—*First*, so that the sole can accomodate itself to the periphery of the wheel; and, *secondly*, the peculiar combination of the two parts of the shoe, the clevis by which the shoe is suspended upon the truck, and the bolt which secures the clevis to the shoe, and the two parts to each other; and also to that part of the specification in which he says that the difficulties which have heretofore existed are avoided because of the shoe having this lateral rocking motion. He then says his invention or device has *another improvement*, and that consists in what he describes "secondly" as his invention, in the first part of his specification: the peculiarly simple arrangement of the clevis which supports the shoe; the bolt, G, serving the purpose of connecting the clevis with the shoe, and the latter to the sole. Whether or not the combination of the second claim contains, as an essential element, this lateral rocking motion, in order to make it a valid claim, and whether it must be found in an infringing machine, is the question. If this rocking motion was all that was in the mind of the inventor, I think it may be asked, with a good deal of significance, what was the necessity of his dividing his inventions into two parts, as he did in his specification, and also in the claims. He may have had in his mind that the device which he was describing was constructed in the way which he has specified; but still he claims a combination, which he describes in his second claim, and I think it may be a valid combination, independent of the lateral rocking motion, which he speaks of in the first claim, and in various parts of the specification. If it is not so, then

all that would be necessary to prevent infringement would be to change slightly the form of the lug, *a*, of the sole, or to tighten the bolt, G.   I do not understand that in the various patents that have been put in evidence there is anything which successfully attacks the device invented by the patentee, and which would prevent it from taking effect as the subject of a valid patent.   It is true, before this invention there were devices by which the two parts of the shoe were separated, when that which was applied to the periphery of the wheel was worn out, or so worn that it could be no longer successfully used; but, after all, that is not the invention of the patentee in this case.   His invention is the peculiar construction of the shoe in these two parts, put together and separated in the way described.   And while it may be the duty of the court to limit the patentee strictly to the claims which he has set forth, still, it is also the duty of the court to give effect to the invention of the patentee, provided the court can see that he has described and claimed it, and so I think the second claim may be infringed, although there may not be in an infringing machine the lateral rocking motion described in the first claim.

With this construction of the patent, it seems to me there cannot be much doubt but that the devices of the defendants, in both cases, infringe the plaintiff's patent.   The variations are not substantial, but are more in form than in substance. So that, on the whole, I find that the plaintiff is entitled to a decree in each case.